**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 21, 2013**

# In the Court of Appeals of Georgia

A12A1722. ANNAMALAI v. CAPITAL ONE FINANCIAL CORP.   DO-078
   et al.

DOYLE, Presiding Judge.

Annamalai Annamalai filed a complaint for malicious arrest and intentional infliction of emotional distress against Capital One Financial Corporation ("Capital One") and Christine Razor, a law enforcement coordinator for Capital One. The trial court dismissed the complaint on the ground that it violated Georgia's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute.[1] Finding no error, we affirm.

---

[1] OCGA § 9-11-11.1. The trial court also granted summary judgment on the merits of Annamalai's claims, but in light of the holding herein, we need not review that ruling.

The undisputed evidence shows that in 2008, the Gwinnett County Police Department began receiving numerous complaints from individuals throughout the country alleging that they were victims of credit-card fraud committed by the Hindu Temple of Georgia and Annamalai (the Temple's founder). Specifically, the victims claimed that they contacted the Hindu Temple in order to purchase religious services or materials, only to later discover that their credit cards had been charged more than the agreed-upon amount. Officer Paul Cwalina was assigned to investigate the complaints, including one by Seema Patel. Cwalina contacted Razor to gather information for his investigation, and Razor provided what relevant information she could. Cwalina decided to arrest Annamalai and seek criminal charges against him and the Temple. The charges ultimately were not pursued.

In September 2009, Annamalai filed the instant suit against Capital One and Razor, alleging that they wrongfully prosecuted him. He attached an affidavit verifying the truth of the allegations therein. Thereafter, Annamalai amended his complaint and attached another affidavit verifying the truth of his allegations and averring that his claim was well founded and not filed for any improper purpose or to harass or cause unnecessary delay.

Razor successfully moved to dismiss for lack of service, and following discovery, Capitol One moved for summary judgment. Following a hearing, the trial court granted its motion on anti-SLAPP grounds as well as on the merits of Annamalai's claims. Annamalai filed this appeal from that order.

Annamalai contends that the trial court erred by ruling (1) that OCGA § 9-11-11.1 applies to his claims and (2) that he failed to comply with its requirements. OCGA § 9-11-11.1 (a) provides that "the valid exercise of the constitutional rights of freedom of speech and the right to petition government for a redress of grievances should not be chilled through abuse of the judicial process." Accordingly,

> [f]or any claim asserted against a person or entity arising from an act by that person or entity which could reasonably be construed as an act in furtherance of . . . the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern, both the party asserting the claim and the party's attorney of record, if any, shall be required to file, contemporaneously with the pleading containing the claim, a written verification under oath . . . .[2]

The verification must, in material part,

> certify that . . . [the claim] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or

---

[2] OCGA § 9-11-11.1 (b).

3

reversal of existing law; that the act forming the basis for the claim is not a privileged communication under paragraph (4) of [OCGA §] 51-5-7; and that the claim is not interposed for any improper purpose such as to suppress a person's or entity's . . . right to petition government, or to harass, or to cause unnecessary delay or needless increase in the cost of litigation. . . If a claim is verified in violation of this Code section, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction which may include dismissal of the claim and an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.[3]

1. We note at the outset that this is not the first time Annamalai has challenged OCGA § 9-11-11.1 as applied to litigation he initiated. In fact, in a similar case filed by Annamalai against similar complainants of credit card fraud, this Court held as follows:

Each of appellant['s] claims are predicated solely and exclusively upon appellees' statements to police or statements made in furtherance of an ongoing investigation regarding appellant['s] alleged criminal activity. Suffice it to say, such speech is "in furtherance of the right . . . to petition government for a redress of grievances" and thus represents the type of speech that the anti-SLAPP statute is designed to protect. Moreover, it goes without saying that the perceived (and substantially

---

[3] Id.

4

documented) victimization of individuals throughout the country constitutes "an issue of public interest or concern." Indeed, it is hard to imagine a more clear example of the type of "abuse of judicial process" that OCGA § 9-11-11.1 aims to deter than the serial filing of civil complaints against individuals lawfully reporting alleged unlawful activity. We therefore have little trouble concluding that appellant['s] complaint falls within the ambit of OCGA § 9-11-11.1, which imposes on them the procedural requirement of filing sworn verifications . . . .[4]

We reach the same conclusions based on the record here. Annamalai's argument otherwise is contrary to case law and to the holding in his own prior litigation in this Court.

2. Annamalai's claim that he complied with the verification requirement is also meritless. The record shows essentially no material factual dispute that the defendants were merely reporting alleged criminal activity to police. There is an absence of any evidence that their actions were overly zealous, malicious, or in any way wrongful. Further, the trial court took judicial notice of numerous other lawsuits against similarly victimized defendants, as we noted in Annamalai's prior appearance in this Court, reaching the same conclusion: Annamalai has "filed similar lawsuits in various

---

[4] (Footnotes omitted.) *Hindu Temple & Community Ctr. of the High Desert, Inc. v. Raghunathan*, 311 Ga. App. 109, 114-115 (1) (714 SE2d 628) (2011).

5

courts throughout Georgia against numerous individuals from across the country —

all of whom claim to have been victimized by appellant['s] alleged criminal activity."[5]

Based on the record before us, "we agree with the trial court that appellant['s]

verifications were false to the extent that the complaint was neither filed for a proper

purpose nor well-grounded in fact, and that dismissal of the complaint was . . .

warranted."[6]

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*

---

[5] Id. at 116 (2).

[6] Id. We note that no frivolous appeal penalties have been sought in this case. See Court of Appeals Rule 15 (b).